OPINION
John H. Adkins appeals from his conviction in the Miamisburg Municipal Court of operating a motor vehicle while under the influence of alcohol pursuant to his no contest plea.
Adkins contends the trial court erred in refusing to suppress the evidence of his intoxication because he was unlawfully stopped in violation of his Fourth Amendment rights.
Patrolman Jeffrey Muncy of the Miamisburg Police Department testified he was on duty in a police cruiser when he heard a vehicle squealing its tires in the parking lot of Sparky's Bar at 2:34 a.m.
Muncy said he then observed the defendant drive his station wagon onto Route 725. Muncy testified to the following on direct examination:
 A. When I got behind the vehicle, it went Southbound on Alex to the light and turned left bound — eastbound on 725. While behind the vehicle, its, there is a white edge fog line on the road, he went to the extreme right, and then across that edge line, I thought he was going to go into the ditch. Straddled that line for a distance then drifted back into his lane of travel, and he then did that a second time prior to me stopping him.
 Q. Okay, at that time did you make a decision to stop him?
A. Yes, I did.
(Emphasis ours).
On cross-examination, Officer Muncy further elaborated on his earlier testimony:
Q. Sir, where did you first [sic] my client's car at?
A. In the lot of Sparky's bar.
Q. And what was the traffic like?
A. Pardon?
 Q. What was the traffic on this date? Heavy traffic, mild?
 A. It is very light, it was 2:30 in the morning. There is not very much traffic out there.
Q. Was my client's car behind another car?
 A. No, in the parking lot? Where are you talking about?
Q. After they left the parking lot.
 A. After they left the parking lot, I believe there may have been car in front of them, yes.
Q. Was he following that car?
 A. Yeah, I believe he went the same direction, I don't know that he was following the person.
Q. What kind of car was that?
A. I don't recall.
 Q. Color-wise or anything, you don't have a memory of that?
A. I don't recall.
Q. And you said he crossed the white line to the right?
A. Right, the right edge line.
Q. Okay, how far across did he go?
 A. He was at least half way, where the line was going down the center of his car.
Q. And how long was he straddling the line?
 A. He drifted over that line and that was some, some distance and they he stayed straddling the line for approximately fifty feet or so and then he drifted back and then after he got back into his lane of travel, as I mentioned, he went back and did the same thing. He went far enough I thought he was gonna go off, completely off the road.
Q. And this was still on 725?
A. Yes, sir.
(Emphasis ours)., Appellant argues his conduct did not give rise to a reasonable, articulable suspicion to believe that he was violating the law. In support of his argument, he cites a number of cases from the Fourth Appellate District. See the cases cited in Statev. Brite (1997), 120 Ohio App.3d 517.
In addition to being charged with operating a motor vehicle while under the influence of alcohol, appellant was also cited for violating Section 432.08(a) of the Codified Ordinances of the City of Miamisburg.[1] That ordinance provides in pertinent part:
 A vehicle shall be driven, as nearly as practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
Officer Muncy's testimony provided the necessary probable cause to stop and cite the appellant for violating Section 432.08(A). Additionally, in light of the circumstances, Muncy had reasonable grounds to suspect that appellant was operating a motor vehicle under the influence of alcohol. He had observed appellant leave a bar at 2:30 a.m., squeal his tires, and almost leave the roadway on two occasions as he drove away. The trial court appropriately overruled appellant's suppression motion. See,Terry v. Ohio (1968), 392 U.S. 1; State v. Andrews (1991),57 Ohio St.3d 86.
The assignment of error is overruled. The judgment of the trial court is Affirmed.
FAIN, J., and KERNS, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Prosecuting Attorney
Jon Paul Rion
Hon. Robert Messham
[1] The "marked lanes" violation was dismissed pursuant to plea negotiations.